UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBIE BEAL,<br><br>    Petitioner,<br><br>    v.<br><br>ROBERT NEUSCHMID, Warden,<br><br>    Respondent. | Case No. CV 18-0075-JFW (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, Amended Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge, which recommends that this action be dismissed as untimely and because Petitioner's filings are unintelligible. On December 18, 2018, Petitioner filed objections to the R. & R. and a separate "Motion: to Vacate," which appears in part to object to the R. & R. based on the same allegations of "fraud" raised in his objections.[1]

---

[1] The motion to vacate also seeks to vacate the judgment in Petitioner's closed civil-rights case, <u>Bobbie Beal v. Eric Arnold, Warden, et al.</u>, No. CV 18-0189-JFW (JPR) (C.D. Cal. dismissed July 12, 2018). Both filings bear the number assigned to this case as well as that of his civil-rights case. Petitioner has been

1

Respondent did not file a reply.

Petitioner's objections largely reargue the merits of his claims and do not dispute any substantive aspect of the Magistrate Judge's analysis. (See generally Objs. at 2-7.)[2] He appears to concede that his filings are "unintillgible [sic]," at least in part because he "is not attorney or lawyer [sic]" (id. at 2), but he does not explain why he would need an attorney or a law license to draft an intelligible pleading. Many federal habeas petitioners are able to articulate their claims pro se, see Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017), and as the Magistrate Judge correctly pointed out, "[p]ro se status and ignorance of the law are not extraordinary circumstances warranting equitable tolling" (R. & R. at 16 (collecting cases)); see also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (habeas petitioners have no general right to counsel). His objection on that basis is therefore without merit.

As to statutory tolling, Petitioner appears to argue that this action is timely because Respondent cited an incorrect number for the state case in which he was convicted and in fact his case, number "BA373675," is still "pen[d]ing." (See, e.g.,

---

reminded that he must use the correct case number on each filing depending on whether it is intended for his civil-rights or his habeas case. To the extent he intended to file each document in both cases, the Court addresses their effect on his civil-rights action in a separate order bearing the number for that case.

[2] The objections are consecutively paginated with handwritten numbers at the bottom right corner of each page but begin with page two. (See Objs. at 2.) The "Motion: to Vacate" is a single page bearing the handwritten number "1" on its bottom right corner. (See Mot. Vacate.) The Court uses the handwritten pagination supplied by Petitioner.

Objs. at 3, 4, 6, 9; Mot. Vacate at 1.) Although it is true that Respondent listed Petitioner's trial-case number as KA095727 (see Mot. Dismiss, Mem. P. & A. at 1) and that that appears to be incorrect, see Online Servs., Super. Ct. of Cal., Cnty. of L.A., http://www.lacourt.org/criminalcasesummary/ui (search for case number KA095727 showing "Moises Maldonado" as only defendant and no charges brought under Health & Safety Code) (last visited Jan. 10, 2019), case number BA373675 is not pending and was not brought against Petitioner either, see id. (search for case number BA373675 showing that "Ology Gibson" pleaded no contest to Penal Code violation on Dec. 7, 2010) (last visited Jan. 10, 2019).

It does not appear that Petitioner has any charges pending against him in Los Angeles County Superior Court. See id. (searches for "Bobbie" with "Beal" and "Robert" with "Beal" yielding no relevant results) (last visited Jan. 10, 2019).[3]

---

[3] The case in which Petitioner was convicted, number BA373655, shows that no disposition was entered as to the drug-selling count, Health and Safety Code section 11352(a), and it remains "[p]ending." See Online Servs., Super. Ct. of Cal., Cnty. of L.A., http://www.lacourt.org/criminalcasesummary/ui (search for case number BA373655) (last visited Jan. 10, 2019). But as discussed in the R. & R., the jury was unable to reach a verdict on that count and a mistrial was declared. (See R. & R. at 4; see also Lodged Doc. 3 at 2; Lodged Doc. 7 at 11.) The prosecution evidently elected not to retry him on that charge and the limitation period for doing so appears to have since expired. See Cal. Penal Code § 1382(a)(2) (defendant must generally be retried within 60 days of mistrial on felony charge); People v. Villanueva, 196 Cal. App. 4th 411, 423-24 (2011) (good cause exists for delay beyond 60 days while case is being reviewed on direct appeal); (R. & R. at 12 (Petitioner's conviction in case number BA373655 — the only conviction challenged in this action — became final on Mar. 11, 2013, after conclusion of direct review).) The status of the remaining charge therefore cannot render this action timely.

3

Moreover, even if he did and those charges were relevant to his claims, this action would likely be subject to dismissal for want of exhaustion, see Rose v. Lundy, 455 U.S. 509, 518-19 (1982), or under the abstention doctrine of Younger v. Harris, 401 U.S. 37, 45-46 (1971). Accordingly, that objection is meritless.

Petitioner further argues that his Petition and Amended Petition cannot be untimely "if the i[n]formation [that charged him in the case whose conviction he challenges] is fraud" (Objs. at 2; see also, e.g., id. at 30), but claims of prosecutorial misconduct are not exempt from AEDPA's one-year statute of limitations, see, e.g., Ford v. Gonzalez, 683 F.3d 1230, 1236-39 (9th Cir. 2012) (affirming denial of petition's prosecutorial-misconduct claim and others as time-barred because petitioner had not shown entitlement to later trigger date or sufficient tolling). Although the Magistrate Judge acknowledged discrepancies in the record as to what provision of the Penal Code Petitioner was convicted of violating (see R. & R. at 4-5 n.8, 19-20 & n.14), she observed that he did not appear to have brought his actual-innocence claim on that basis (see id. at 19-20 & n.14), nor has he done so in his objections or the motion to vacate (see generally Objs.; Mot. Vacate). He has not adduced any new evidence to support the actual-innocence claim he constructively alleged in the Petition and Amended Petition and has not identified any error in the Magistrate Judge's analysis of that claim. He therefore cannot render this action timely based on purported "fraud" in any relevant charging document or the actual-innocence claim in his pleadings and constructively realleged in his objections.

1    Finally, Petitioner refers to the "USSC" at several points
2 in his objections (see, e.g., Objs. at 3, 4) and attaches
3 documents that appear to relate to his 1985 convictions for
4 burglary, robbery, and sex crimes (see id. at 37-44; see also
5 Lodged Doc. 3 at 3).  He does not clarify what "USSC" refers to
6 or how it or the attached documents are relevant to his claims.
7 To the extent he refers to the U.S. Supreme Court, Petitioner has
8 evidently never filed anything there (see R. & R. at 7-8) and,
9 despite his protests to the contrary, the Magistrate Judge cited
10 many Supreme Court cases in her R. & R. (see, e.g., id. at 3 n.6,
11 10, 11).  His apparent objection that the Magistrate Judge
12 misapplied Harrington v. Richter, 562 U.S. 86, 103 (2011) (habeas
13 relief warranted only if state court's ruling was "so lacking in
14 justification that there was an error well understood and
15 comprehended in existing law beyond any possibility for
16 fairminded disagreement") (Objs. at 11), and review should have
17 been "de [n]ovo" (id. at 3) is misplaced because the Magistrate
18 Judge recommended denying the Petition and Amended Petition as
19 untimely without reaching the merits of his claims, much less
20 reviewing any state-court finding under any standard.
21    Having reviewed de novo those portions of the R. & R. to
22 which Petitioner objected in his objections and motion to vacate,
23 the Court accepts the findings and recommendations of the
24 Magistrate Judge.
25    IT THEREFORE IS ORDERED that Respondent's motion to dismiss

5

the Petition and Amended Petition as untimely is GRANTED and this action be DISMISSED with prejudice.

DATED: January 16, 2019

JOHN F. WALTER
U.S. DISTRICT JUDGE

6